NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES McCOURT and MABEL McCOURT, | Civil Action No. 2:14-0221 (CCC) (JAD) |
| **Plaintiffs,** | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR REMAND |
| A.O. SMITH WATER PRODUCTS CO., et al., | |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiffs' motion to remand this matter to the Superior Court of New Jersey, Middlesex County, pursuant to 28 U.S.C. § 1441 and § 1446. (ECF No. 12). The Hon. Claire C. Cecchi, U.S.D.J. referred Plaintiffs' motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon careful consideration of the parties' submissions, and for the reasons stated below, this Court respectfully recommends that Plaintiffs' motion be **denied**.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

In this action, Plaintiffs assert state law claims against Defendants, who allegedly produced, manufactured, supplied or distributed various products containing asbestos or owned/supervised the premises where Plaintiff James McCourt worked in proximity to products containing asbestos. (Compl., ECF No. 1-1, ¶¶ 1-30). Mr. McCourt alleges that he was injured

as a result of his exposure to those products in both his professional and personal life. (Id.).  His wife, Plaintiff Mabel McCourt has alleged a "loss of consortium" claim based on her husband's injuries. (Id., ¶¶ 32-22).  Plaintiffs initiated this action by filing a Summons and Complaint in the Superior Court of New Jersey, Middlesex County, on November 26, 2013. (See generally Compl., ECF No. 1-1).  Mr. McCourt alleges that all named Defendants are responsible for the physical and emotional injuries he suffered as a result of his asbestos exposure. (Id)  On January 10, 2014, Defendant Crane Co. ("Crane") removed the case to the United States District Court based upon the doctrine of federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1). (Not. of Removal, ECF No. 1, ¶¶ 5-15).

On February 5, 2014, Plaintiffs moved to remand this matter to the New Jersey Superior Court, arguing that removal was improper because Crane had not established the circumstances necessary to justify removal under the federal officer jurisdiction statute. (Pl. Br., ECF No. 12-2, at 3-8).  Crane filed an opposition to Plaintiffs' motion to remand on March 3, 2014.  (Def. Br., ECF No. 21).  No other party has joined Crane in its opposition or filed a separate opposition. Plaintiffs did not file a reply.

## II.   LEGAL STANDARD – REMOVAL AND REMAND

### a.  Federal Officer Removal

Removal is proper under 28 U.S.C. §§1442(a)(1), commonly referred to as the "federal officer removal statute", where the removing defendant establishes that:  (1) the defendant qualifies as a "person" under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the actions the defendant took under federal direction; and (4)

the defendant has raised a colorable defense based upon federal law. <u>Mesa v. California</u>, 489 U.S. 121, 124-25 (1989).

Typically, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990) (citing <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir.1987)). The federal officer removal statute, however, is an exception to that general principle, as the Supreme Court has clarified that the right to remove under the statute is "absolute" and that it must be construed somewhat more broadly. <u>Arizona v. Manypenny</u>, 451 U.S. 232, 242 (1981); <u>Willingham v. Morgan</u>, 395 U.S. 402, 406-07 (1969). Indeed, the Court has acknowledged that the purpose of the statute is to "protect federal officers from interference by hostile state courts" and, therefore, "[that] policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." <u>Willingham</u> 395 U.S. at 407.

**b.  <u>The Government Contractor Defense</u>**

Crane argues that its invocation of the "government contractor defense" constitutes a "colorable federal defense" for the purposes of the federal officer removal statute. (Not. of Removal, ECF No. 1, ¶¶ 5, 13). Indeed, the applicability of the federal officer removal statute hinges on a defendant's ability to set forth such a colorable defense. Moreover, by showing that a colorable federal defense applies, a defendant will often simultaneously satisfy the other requirements of the federal officer removal statute. Therefore, "although the Court considers each element [of the federal officer removal statute] required for removal separately, its analysis begins (and essentially ends) with the colorable defense requirement." <u>Hagen v. Benjamin Foster Co.</u>, 739 F. Supp. 2d 770, 776 (E.D. Pa. 2010). In analyzing whether a defendant has successfully raised a colorable federal defense (such as the government contractor defense), the court must determine

3

whether "the defendant asserting [the defense] identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." Hagen at 783. In other words, the defendant must show that the federal defense would prevail if the facts he asserts were proven at trial. Id.

In order to successfully assert the government contractor defense in the context of this case, Crane must show that: (1) the United States approved reasonably precise specifications; (2) the equipment that Crane supplied conformed to those specifications; and (3) Crane warned the United States about the dangers in the use of the equipment that were known to the defendant but not to the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988).

### III.   ANALYSIS

Crane removed this case pursuant to the federal officer removal statute. (Notice of Removal, ECF No. 1, ¶¶ 5-15). Crane contends that because it intends to use the government contractor defense at trial, it has satisfied the removal statute and therefore this court has jurisdiction pursuant to 28 U.S.C. §§1442(a)(1). (Id., at ¶¶ 5, 13). In support of its argument, Crane claims that, because Mr. McCourt has alleged, among other things, that he was exposed to Crane's asbestos-containing products while he was serving in the Navy (a federal officer for the purposes of the statute), and that the Navy required that the products in question adhere to certain specifications, the government contractor defense is applicable and, in turn, it was appropriate for Crane to invoke the federal officer removal statute. (Not. of Removal, ECF No. 1, ¶¶ 12-13).

Plaintiffs argue that the federal officer removal statute is not applicable and that removal was therefore improper. (Pl. Br., ECF No. 12-2, at 3-8). Plaintiffs contend that they never specifically alleged that Mr. McCourt was exposed to Crane's asbestos-containing products while serving in the Navy, and that Crane cannot, therefore, raise a government contractor defense (a

4

necessary component of Crane's utilization of the federal office removal statute).  (Id. at 4-5).

Furthermore, Plaintiffs analogize this matter to the United States Court of Appeals for the Third

Circuit's decision in Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124 (3rd Cir. 1998).  (Pl.

Br, ECF no. 12-2, at 5-6).  Plaintiffs cite the Feidt decision for the proposition that the Court of

Appeals affirmed the District Court's decision to remand that case under similar circumstances.

(Id.).[1]

        This Court is not persuaded by Plaintiffs' arguments for remand.  Plaintiffs' primary

argument - that they never alleged that Mr. McCourt was exposed to asbestos via Crane's

equipment while serving in the Navy – is based on an overly narrow and somewhat revisionist

view of their Complaint.  While it is true that Plaintiffs never made such a specific allegation, it is

also true that Plaintiffs' Complaint is plead in blanket terms and does not include any defendant-

specific allegations.  After naming the complete list of defendants in their Complaint, Plaintiffs

proceed to allege that each defendant was responsible for the asbestos exposure that Mr. McCourt

sustained in different phases of his life, without specifying which defendants were responsible for

exposure in any particular circumstance.  (See Complaint, ECF No. 1-1, ¶¶ 1-6).  Plaintiffs go so

far to candidly admit that they cannot ascertain which products caused Mr McCourt's injuries:

"[c]onsequently, through circumstances beyond plaintiff's control, it cannot be determined which

specific producer(s), manufacturer(s), supplier(s) and/or distributor(s) of asbestos-containing

products caused plaintiff's aforementioned injuries." (Id at ¶ 21).  This Court finds that the only

reasonable inference to draw from Plaintiffs' Complaint is that Plaintiffs contend that each

---

[1] The Court notes that Plaintiffs' reliance on the Feidt decision is misplaced.  The Feidt court did
not reach the merits of the District Court's decision, and instead dismissed the appeal for lack of
jurisdiction (it did not, as Plaintiffs argue, "affirm" the District Court's ruling).  Feidt, 153, F.3d
at 130.

defendant was potentially responsible for each exposure (including the exposure that Mr. McCourt suffered while in the Navy).

While Plaintiffs now attempt to affirmatively disclaim that Mr. McCourt was exposed to Crane's asbestos products while in the Navy, (see Cert. of James McCourt, ECF no. 12-4, ¶ 2-3), such post-removal efforts do not impact the Court's analysis on a motion to remand.  Palmer v. Univ. of Med. & Dentistry of N.J., 605 F. Supp. 2d 624, 632 (D.N.J. 2009) ("The presence or absence of a federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); see also Costa v. Verizon New Jersey, Inc., 936 F. Supp. 2d 455, 458 (D. N.J. 2013) ("[t]he removability of a legal matter is determined from the plaintiff's pleadings at the time of removal").  Plaintiffs have therefore provided a factual predicate for Crane's government contractor defense - that Mr. McCourt was exposed to Crane's products while in the Navy - and Crane has laid the remaining groundwork for that defense in its notice of removal. (Not. of Removal, ECF No. 1, ¶¶ 12-13) (stating that the Navy required that Crane's products adhere to certain specifications and that those specifications "governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products.")

The content of Plaintiffs Complaint, coupled with statements contained in Crane's Notice of Removal (and the affidavits upon which those statements are based), establish that Crane may assert a colorable government contractor defense in this action.  For instance, Crane has submitted sworn statements from a retired Rear Admiral of the United States Navy, a medical doctor who specializes in preventive and occupational medicine, and its own Vice President of Environment, Health and Safety.  Those statements, specifically the affidavit of retired Rear Admiral David P.

6

Sargent, Jr, lay out specific facts demonstrating that Crane may properly raise a government contractor defense at trial, and if the facts contained therein are borne out by the evidence at trial, Crane would have a complete defense against Plaintiffs' claims. (See, Sargent Aff., ECF No. 1-3, 23-32). Such a showing is enough to satisfy the colorable "colorable federal defense" element of the federal officer removal statute.

The Court finds that Crane has also satisfied the remaining three elements of the federal officer removal statute. First, Crane, a private corporation, is a "person" for the purposes of the statute. See Lewis v. Asbestos Corp., No. 10-650 (FLW), 2012 U.S. Dist. LEXIS 110585, *11-12 (D.N.J. Aug. 7, 2012) ("Courts have consistently recognized that for the purposes of 1442(a)(1) a corporation qualifies as a person.") (internal citations omitted). Second, Crane has made a showing that it was following the Navy's precise specifications when it engaged in the allegedly tortious conduct at issue (i.e., the composition of its products and the labeling/warnings associated therewith). (Not. of Removal, ECF No. 1, ¶¶ 8-10). Third, in light of the Navy's alleged control over Crane's products, coupled with Plaintiff James McCourt's contention that Crane's products harmed him while he was serving in the Navy, this Court finds that there is a causal nexus between Plaintiffs' claims and the actions that Crane allegedly took at the Navy's direction. In conclusion, the Court finds that Crane has established that its removal was appropriate under the federal officer removal statute.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiffs' motion to remand, (ECF No. 12), be denied.

_____
Joseph A. Dickson, U.S.M.J.

cc. Hon. Claire C. Cecchi, U.S.D.J.

7